**In the United States District Court
for the District of Kansas**

———————

Case No. 23-cv-01090-TC-GEB

———————

JENNIFER PECE,

*Plaintiff*

v.

MICHAEL BEAUDRY,

*Defendant*

———————

**MEMORANDUM AND ORDER**

    Jennifer Pece sued Michael Beaudry for breach of contract on May 12, 2023. Doc. 1. Beaudry was properly served with process and had until June 5, 2023 to file a responsive pleading. Doc. 4. He has not done so. Thus, Beaudry is in default under Fed. R. Civ. P. 55. The Clerk of Court entered a default against him on August 21, 2023. Doc. 7.

    Pece asks for $87,500 "plus legal interest from the date of the Judgment with costs assessed against" Beaudry. A court may enter default judgment against a party that has failed to defend an action brought against it. Fed. R. Civ. P. 55(b)(2). By failing to respond, "a defendant admits to a complaint's well-pleaded facts." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

    Damages are a separate question. "[A] default judgment does not establish the amount of damages," so a plaintiff "must establish that the amount requested is reasonable under the circumstances." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016); *Hermeris, Inc. v. McBrien*, No. 10-2483, 2012 WL 1091581, at *1 (D. Kan. Mar. 30, 2012). A court may award damages "'only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Demarsh v. Tornado Innovations, L.P.*, No. 08-2588, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting *Adolph Coors Co.*

*v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (further citations and internal quotation marks omitted)).

Pece filed an exhibit attempting to outline the damages being requested. Doc. 8-1; *see Hermeris*, 2012 WL 1091581, at *1 (finding no hearing was required when the record "contains sufficiently detailed affidavits and other documents by which the Court can determine damages without an evidentiary hearing"). In particular, she supported her request for damages by largely repeating the facts pled in her complaint. *Compare* Doc. 1 *with* Doc. 8-1. And she has not filed anything establishing the amount of the requested costs. *See generally* Doc. 8; Doc. 8-1. Supporting affidavits usually offer more: the basis for an award, not merely the basis for a plausible claim. *See Demarsh*, 2009 WL 3720180, at *3–4 (recounting detailed facts elicited in an evidentiary hearing); *Lifestyle Publications, LLC v. Harding*, No. 19-2007, 2020 WL 2193119, at *1 (D. Kan. May 6, 2020) ("Plaintiff also filed an affidavit from its counsel … and several exhibits to support its motion.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** that Pece's Motion for Default Judgment, Doc. 8, is DENIED without prejudice. Pece may renew her motion with adequate supporting information that establishes her entitlement to the particular damages and costs being sought.

It is so ordered.

Date: March 8, 2024         \_s/ Toby Crouse_____
                            Toby Crouse
                            United States District Judge